# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS RIORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1122 |
| | ) | Judge Nora Barry Fischer |
| H.J. HEINZ COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This matter involves a claim by *pro se* Plaintiff Dennis Riordan, that Defendant H. J. Heinz Company misappropriated his intellectual property, i.e., a concept/idea of an upside-down bottle which he alleges that he introduced to Defendant prior to its use of the same to dispense its Ketchup products. (Docket No. 8). Pending before the Court is Defendant's Motion Pursuant to Rules 12(b)(6), 12(e), and, in the Alternative, Rules 12(d) and 56 [11] filed in the above captioned matter on October 20, 2008. In its Motion, Defendant seeks the following alternative forms of relief: (1) dismissal of Plaintiff's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"); (2) a Court Order requiring Plaintiff to file a more definitive statement of his claims under Rule 12(e); or (3) that its motion to dismiss be converted to a motion for summary judgment under Rule 12(d), that the Court consider certain evidence it has attached to said motion and after consideration of said evidence, that summary judgment be granted in its favor on Plaintiff's claims. (Docket No. 11). After being granted an

1

extension of time in which to file a response by the Court, Plaintiff filed his response to Defendant's Motion on December 23, 2008. (Docket Nos. 18, 19 & 20). In response, Plaintiff requests leave to file a more definitive statement of his claims in order to conform his Complaint with the applicable Rules of the Federal Rules of Civil Procedure. (Docket No. 20). Based on the following, Defendant's Motion [11] is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff's Complaint, liberally construed in his favor as he is appearing *pro se*, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), alleges that he attempted to "introduce" to Defendant Patent Number 6,105,812, an idea/concept of an upside-down bottle in a letter dated January 28, 1999. (Docket No. 8 at 5). In response to said letter, Defendant requested that Plaintiff submit a "request for consideration of idea." (*Id*.). Plaintiff contends that he submitted such a request to Defendant including handwritten drawings and specifically used the terminology of "Upside Down Bottle" in his description. (*Id*.). Plaintiff avers that Defendant replied to his submission in a letter dated June 16, 1999, and indicated that Defendant "had no present interest in this concept." (*Id*.). Plaintiff then maintains that Defendant introduced an upside down bottle to dispense its Ketchup products internationally in August of 2002, and knowingly deceived him by not informing him of its intent to do so. (*Id*.). Plaintiff seeks relief in the form of "monetary compensation in the amount of $57 million dollars, U.S., plus royalties for the misappropriation of intellectual property." (*Id*. at 4).

As stated, Defendant argues that these allegations fail to state a claim upon which relief can be granted and the Complaint must be dismissed under Rule 12(b) or alternatively, that the Court order Plaintiff to file a more definitive statement of his claims pursuant to Rule 12(e). (Docket No. 11). Defendant's motion to dismiss construes Plaintiff's claim of "misappropriation of intellectual property" as either a claim of patent infringement or misappropriation of trade secrets and generally

2

argues that the Complaint is vague and ambiguous. (*Id*.). In his various filings, Plaintiff admits that his Complaint is vague and ambiguous, but citing his *pro se* status, and lack of formal legal education or training, requests that he be given an opportunity to submit a more definitive statement of his claims. (*See* Docket Nos. 18, 20 & 21). Plaintiff sets forth additional facts not clearly stated in his Complaint in support of this request including more detail regarding Patent Number 6,105,812, his drawings and/or ideas and his correspondence with employees or representatives of Defendant with respect to same. (*See* Docket Nos. 19 & 21). Plaintiff also avers that if leave is granted, he will "recast" his complaint in numbered paragraphs as required by Rule 10(b). (*Id*.).

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). Upon consideration of the allegations in the Complaint, Defendant's Motion and Plaintiff's response to same, the Court finds that Defendant cannot respond to the factual allegations in the Complaint as presently constituted, as it contains vague and ambiguous factual allegations and legal contentions. However, given that Plaintiff is proceeding *pro se*, and that the allegations in his pleadings are to be construed liberally in his favor, *Haines*, 404 U.S. at 520-21, the Court finds that Plaintiff should be permitted to file an Amended Complaint conforming his pleading to the requirements set forth in the Federal Rules of Civil Procedure.

Accordingly, Defendant's Motion [11] is granted to the extent that it requests that Plaintiff be required to file a more definitive statement under Rule 12(e), and is denied, without prejudice, in all other respects. It is further ordered that Plaintiff shall file an Amended Complaint on or before February 2, 2009. Plaintiff is also reminded that failure to comply with this Court's Orders, Policies

and Procedures can result in dismissal for failure to prosecute.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 30, 2008

cc: All counsel of record.

Dennis Riordan
9 Deforest Avenue
New City, NY 10956
(Regular & Certified Mail)