FILED

United States District Court
Western District of Pennsylvania  '09 SEP 14 P12:23

U.S. DIST...

Dennis Riordan,
      Plaintiff,

                                  Second Amended Complaint

v.                                    Civil Action No. 2:08-01122

H.J. Heinz, Co.                  Jury Trial Demanded
      Defendant.

### Plaintiff's Second Amended Complaint

Plaintiff, Dennis Riordan, reappearing as continued Pro Se Representation, for the second amended complaint, resides at: 9 DeForest Avenue, New City, N.Y. 10956

Plaintiff, Dennis Riordan having been ordered to file a second amended complaint, by order dated August 12, 2009, to clarify his idea(s) as set forth in the memorandum opinion; and plaintiff's claim of copyright infringement, where plaintiff was granted leave to amend the amended complaint to the extend plaintiff can allege that he has registered or preregistered a copyright in any of the subject matter at issue in this action, as set forth in the memorandum opinion; additionally, plaintiff shall file the second amended complaint on or before September 14, 2009.

### Jurisdiction and Venue

1. This court has jurisdiction over this action under 28 U.S.C. 1332 and 28 U.S.C. 1343. The matter in controversy, raised by the filing of a complaint, under New York State's Statute 28 U.S.C. 1332; sounding in Misappropriation of Intellectual Property, and Copyright Infringement, under 28 U.S.C. 1400 (b).

      Under the transfer from New York to Pennsylvania, ordered by District Judge Kimba M. Wood; dated July 31, 2008, (Doc. No. 4), plaintiff brought the Misappropriation claims to the Western District of Pennsylvania; thereafter, Defendant, H.J. Heinz Co., opposed the claims within a notice of motion to dismiss pursuant to rule 12 (b) (6), 12 (E), and in the alternative, rule 12 (d) and 56 (Doc. No. 1); dated October 20, 2008, thereafter plaintiff filed his response on December 23, 2008. (Doc. No. 18). On December 30, 2008, upon consideration of the parties' submissions, this court ordered plaintiff to file an amended complaint. (Doc. No. 22).

      On February 17, 2009, plaintiff filed his amended complaint. (Doc. No. 25). Defendant filed the instant motion to dismiss on March 5 2009, (Doc.No.26) On April 20, 2009, after being granted an extension, plaintiff filed his response to

defendant's motion to dismiss and brief in support of same. (Doc. Nos. 30 and 31). Defendant filed its reply brief on May 4, 2009, (Doc. No. 32). Plaintiff filed his sur-reply in opposition to defendant' motion to dismiss plaintiff's amended complaint on May 26, 2009. (Doc. No. 33). As briefing on the previous motions has concluded, and the court has ordered plaintiff to file a second amended complaint; now, come plaintiff with a second amended complaint.

2. Venue properly lies in this District pursuant to 28 U.S.C. 1406 (a), 118 (c); because the event giving rise to this cause of action occurred at defendant, H.J. Heinz Co., World Headquarters ("Heinz"), in the city of Pittsburgh, State of Pennsylvania, which are located within the Western District of State.

### Parties to the Action

3. Plaintiff, Dennis Riordan, is and was, at all times relevant here to an ordinary intellectual citizen with an innovative idea toward a futuristic invention/ i.e. Dual Chamber container for an assortment of condiments and flavored beverages.

4. Defendant, H.J. Heinz Co., and several of the holder's employees, to whom it was necessary to confide in, in order to introduce the innovative idea of a futuristic bottle invention; for which the initial communication to that company was intended and who at all times relevant hereto were the recipient of the innovative idea of plaintiff's futuristic bottle invention/ which plaintiff appropriately termed "Intellectual Property."

### Facts

5. On or about, January 28, 1999, by confidential letter of the date indicated, plaintiff contacted the legal department of Defendant, H.J. Heinz Co.; spoke with a Mr. Dan Vogus, an employee of Defendant, H.J. Heinz Co., informing him that plaintiff had recently filed a "patent" for a "bottling container," which he strongly felt would be highly advantageous and well worth the time of investing.

6. Thereafter, on or about February 1, 1999, Plaintiff received a response to the previous introductory letter, advising; (in part): "as a matter of policy, "Heinz" does not solicit the submission of ideas from outside our company." In so saying this, a Mr. Max F. Miller returned plaintiff's previous letter, as an attachment to his response; as well as an additional accompaniment of a request form titled "Request for Consideration of Idea."

In compliance with the aforementioned form, plaintiff provided a minimal description of his "idea(s)", as well as attaching his signature and the date of signing, thereon. Plaintiff additionally provided the schematic drawings to his bottling ideas.

7. The form forwarded to plaintiff entitled "Request for Consideration of Idea," signed by plaintiff, on or about April 20, 1999, while being returned to Defendant, H.J. Heinz Co., provide the accompanying illustrative art-work, i.e., Bottle design; length, width, schematic depiction of the dual chamber container.

8. On or about, June 1, 1999, plaintiff again received another letter from Mr. Max F. Miller, advising: "Thank you for your letter regarding a new bottle for "Heinz" ketchup and mustard. After reviewing your idea with the appropriate department,

H.J. Heinz Company ("Heinz") has determined that it has no present interest in this concept. Heinz would like to thank you for your interest in and consideration of Heinz. Thank you for writing to us.

9. On or about August 22, 2000, the U.S. Patent and trademark office issued plaintiff the patent number (6, 105,812), which plaintiff filed for on January 21, 1999, the "812" patent was issued for a "dual chamber container."

10. On or about, August 2002, H.J. Heinz Co. officially introduces "Heinz's up-side down bottle" via press release. The year of 2005-06, the Heinz Company altered their bottling terminology from "up-side down" to "top-down" bottle.

11. On or about January 2006, plaintiff again contacted the legal department at Defendant, H.J. Heinz Co. headquarters, requesting copies of all correspondence be sent to plaintiff in "anticipation" of the sale of patent ("812"). Plaintiff was informed by "Kelly", that plaintiff had been "red-flagged" in their system. Thereafter, a Mr. Dan Shaw, an attorney at H.J. Heinz Co., specifically asked plaintiff on the phone, before he would release any information, if plaintiff was suing H.J. Heinz Co.

12. Herein, plaintiff continues to assert the belief that he introduced the idea for a new bottling concept (through the bottle art-work/drawings) to Defendant, H.J. Heinz Co., through the correspondence in the year of 1999. Specifically, as succinct as plaintiff can illustrate, the introduction of a bottle which can stand up-side down by the novel idea of creating a base by extending the walls of the container beyond it's capped closure and standing on the circumferential edge of that extension. Thereafter, Defendant, H.J. Heinz Co., knowingly and unlawfully deceived plaintiff by not informing him of their company's intent to expand on plaintiff's idea by simply making the base detachable.  Plaintiff's idea was/is the impetus in the development of dispensing ketchup and other condiments in an "up-side" down manner which is why it was not done for 130 years and has since revolutionized the bottling industry. "The greatest innovation in bottling since the introduction of plastic." Plaintiff reasserts Tod Eberle of Crown, Cork and Seal (parent bottling manufacturer of defendant) was in possession of said "idea" on 2/8/99 and material relating to it, see attached Affidavit. The Theft of Idea occurred some three (3) years after plaintiff submitted his novel idea, drawings included, to Defendant, H.J. Heinz Co.

13. Plaintiff presently alleges, Defendant, H.J. Heinz Co., and their affiliates Misappropriated plaintiff's bottle idea, under Federal Law, and infringed on his copy right privileges under the Federal Copyright Act. (Currently to date, plaintiff has requested copyright protection for the art-work drawing, idea and text associated with patent (812). see exhibit Alpha pgs.1-7 and proof of delivery to The Library of Congress).

## Count One:  Misappropriation of Idea

14. Plaintiff, Dennis Riordan, again alleges and incorporates by reference the allegations in paragraphs 3 through 13 as if fully restated herein.

15. Defendant, H.J. Heinz Co., exercised Misappropriation of Idea for a new bottle concept; by allowing the Defendant's employees to review and examine plaintiff's conceived idea, i.e. drawings, description.

Once Defendant's, H.J. Heinz Co., employees, working within the

appropriate department, reviewed plaintiff's drawings; it was determined that indeed a bottle can stand up-side down by extending the walls of the preferred embodiment beyond it's closure. The "appropriate department," thereafter, endeavored to alter the bottle idea by clever adaptation in an attempt to conceal the Misappropriation of Idea.

16. Defendant, H.J. Heinz Co., Misappropriated plaintiff's Idea, some three (3) years after reviewing the concept/idea provided by the plaintiff in an attempt to be compensated from the defendant for the introduction of the idea.

Count Two: Federal Copyright Infringement

17. Plaintiff, Dennis Riordan, again alleges and incorporates by reference the allegations contained in paragraphs 9 through 21 as if fully restated herein.
18. Under the current terms of the court's order allowing plaintiff to amend the complaint a second time; plaintiff presently asserts, Defendant, H.J. Heinz Co., infringed upon plaintiff's federal copyright privileges. Prior to the commencement of plaintiff's second amended complaint, on or about 9/2/09, plaintiff had sought a valid copyright registration relating to the subject matter originating in 1998 of plaintiff's "bottle design drawings" as described "art-work" within the initial complaint, as well as the first amended complaint.
19. Accompanying plaintiff's second amended complaint is the present assertion, plaintiff is now alleging; he can provide proof of filing an Application for Copyright Registration to the copyrightable subject matter of the claimed infringement.
20. Defendant, H.J. Heinz Co., knew or should have known because of plaintiff's quest to find suitable financial assistance to promote and/or invest in the innovative idea of plaintiff's bottle idea concept; that plaintiff had acquired a valid utility patent to protect the ideas of his invention. Because of plaintiff's ignorance in the area of public commerce, plaintiff naturally assumed the acquired patent would canopy the "art-work" drawings, as well as any text associated with it. In learning that the subject matter is copyrightable, plaintiff presently sought copyright registration, prior to the commencement of the second amended complaint.
21. Consequently, Defendant H.J. Heinz Co. has infringed upon plaintiff's copyrightable subject matter.
Plaintiff, who is the owner and author of the subject matter of the complaint, has not transferred any rights, i.e., adaptation or alteration of the bottle idea/concept to Defendant, H.J. Heinz Co. for use or production of same.

Conclusion

Plaintiff, Dennis Riordan, respectfully requests the second amended complaint be granted, in its entirety.

Relief Requested

Wherefore, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

   1. The psychological trauma sustained by plaintiff through the Misappropriation of his Idea by Defendant, H.J. Heinz Co., violated plaintiff's rights under Federal Law.

   2. Defendant, H.J. Heinz Co., infringed on Plaintiff's copyright privileges, which were protected under Federal Law.

B. Issue an injunction ordering Defendant, H.J. Heinz Co., or their agents and/or their affiliates to:

   1. Cease and desist all bottling production, up and until a favorable resolution can be satisfactorily substantiated by all parties of concern.

C. Award compensatory damages in the following amounts:

   1. $23,000,000.00 net after taxes, jointly against Defendant H.J. Heinz Co., and their affiliates; plus royalties commencing from the year 2002, for Misappropriation of Idea.

   2. $23,000,000.00 net after taxes, jointly against Defendant H.J. Heinz Co., and their affiliates; plus royalties commencing from the year 2002, for copyright infringement.

D. Award punitive damages in the following amounts:

   1. $5,500,000.00 net after taxes, against defendant, H.J. Heinz Co., and their affiliates;

   2. $5,500,000.00 net after taxes, against defendant's affiliates.

E. Grant such other relief as it may appear that plaintiff is entitled to.

Dated: September 11, 2009

Respectfully Submitted,

*[signature]*

Dennis Riordan
Plaintiff, Pro Se.
9 Deforest Ave.
New City, NY 10956

Sworn to before me this 11th day of September, 2009. In the county of Westchester

*[signature]* Daniel E. Quilty
Notary Public

DANIEL E. QUILTY
#01QU6050258
COUNTY PUTNAM
EXP. 10/30/2010

Verification

State of New York
County of Rockland                                  Civil Action No. 2:08-01122
Town of New City

     Dennis Riordan, being duly sworn, deposes and says that deponent is the plaintiff in the above encaptioned action, that he has read the foregoing second amended complaint and knows the contents thereof, that the same is true to deponent's own knowledge, except as to matters therein stated upon information and beliefs, deponent believes to be true.

Dated: September 11, 2009

                                                    Dennis Riordan
                                                   Plaintiff, Pro Se
                                                 9 DeForest Avenue
                                                 New City, NY 10956

Sworn to before me this 11th
day of September, 2009.

*Daniel E. Dulty*
Notary Public

DANIEL E. QUILTY
#01QU6050258
COUNTY PUTNAM
DE. 10/30 DATE 2010

DANIEL E. QUILTY
#01QU6050258
COUNTY PUTNAM
DE. 10/30 DATE 2010

In The United States District Court
For The Western District of Pennsylvania

Dennis Riordan,
    Plaintiff,

Affirmation of Service

Civil Action No. 2:08-01122

v.

H.J. Heinz, Co.
    Defendant.

State of New York
County of Rockland
Town of New City

    Plaintiff, Dennis Riordan, being duly sworn deposes and says:
1. Plaintiff is over 18 years of age and resides at 9 Deforest Ave. New City, NY 10956.
2. Plaintiff, Dennis Riordan, makes this affirmation under penalty of perjury. That on the __11__ day of September, 2009 he served true and exact copies of Plaintiff's second amended complaint, separately in post-paid wrappers addressed to the following parties by certified mail by the United States Postal Service:

    Duane Morris
    Attn: Robert Byer

    US Western District Court
    Of Pennsylvania
    Clerk's Office

Sworn to before me this 11th day of Sept. 2009 in the county of Westchester

_____
Notary Public

DANIEL E. CUILTY
#01QU5050258
COUNTY PUTNAM
EXP. 10/30 DATE 2010

DANIEL E. CUILTY
#01QU5050258
COUNTY PUTNAM
EXP. 10/30 DATE 2010